WALTER L. DAVIS, ESQ.  (098513)
22320 Foothill Blvd., Suite 600
Hayward, CA 94541
(510) 888-9040

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARY HILDEBRAND,** | Case No. |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| v. | <u>**JURY TRIAL DEMANDED**</u> |
| **CATALINA RESTAURANT GROUP, INC. dba CARROWS RESTAURANTS,** | |
| **Defendants.** | |

## I.  <u>JURISDICTION</u>

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 (a) (3) (4) for claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101, 12182 <u>et.</u> <u>seq</u>.

2. Plaintiff's cause of action arose in this District as Plaintiff's injury occurred in this District.

3. The pendent state claims fall within this Court's supplemental jurisdiction in that they arise out of the same nucleus of operative facts as the federal claims.

/ / /

COMPLAINT FOR DAMAGES

1

## II. VENUE

4. Venue is in the Northern District of California, under 28 U.S.C. § 1391(b) by reason of the fact that a substantial part of the acts alleged therein and the claims of the Plaintiff arose in this district.

## III. NATURE OF THE PROCEEDINGS

5. On or about April 19, 2003, Plaintiff MARY HILDEBRAND ("Mrs. Hildebrand" or "Plaintiff") visited the Carrows Restaurant at 20413 Hesperian Boulevard, Hayward, California ("the Restaurant") owned and/or managed by Defendant Catalina Restaurant Group, Inc. ("Defendant").

6. Mrs. Hildebrand is a 60 year old woman with severe rheumatoid arthritis who alternates between the use of a wheelchair and the use of bilateral knee braces and a cane for mobility. While visiting the Restaurant for lunch with her two sisters, Mrs. Hildebrand had to use the bathroom. She went to the women's restroom but could not properly use the facility because the stall was not configured for the disabled.

7. Because Mrs. Hildebrand urgently had to use the bathroom, she had to attempt to maneuver in the restroom as best she could. As the result of the inaccessible facility, Mrs. Hildebrand fell while attempting to use the restroom because the stall lacked grab bars and she could not adequately position herself on the toilet without them. She fell backwards and hit her hip and back on the toilet. Mrs. Hildebrand urinated on herself and her clothing and was made to suffer further indignation and humiliation by having to seek assistance from another customer to help her up from the floor.

8. The manager of the Restaurant was promptly informed of the incident and, at that time, the manager stated to Mrs. Hildebrand that Defendant was aware of the lack of accessibility concerns due to complaints from other customers but she was unsure as to why it had not been

COMPLAINT FOR DAMAGES

2

corrected.

9. Thereafter, Plaintiff caused a letter to be written to Defendant, advising of the lack of accessibility and the nature of her claim. Defendant has not responded to the issues raised in her correspondence other than to state that the issues were being investigated.

10. Due to Defendant's apparent unwillingness to address Plaintiff's concerns, Mrs. Hildebrand has been forced to file this Complaint.

11. Plaintiff seeks special and compensatory damages, as well as punitive damages.

## IV. PARTIES

12. Mrs. Hildebrand is a citizen of the State of California and, accordingly, is entitled to all the rights, privileges and immunities guaranteed by the Constitution and laws of the United States. Further, she is an individual with a physical disability within the meaning of all applicable statutes, including the ADA, 42 United States Code § 12101, et. seq., and the Unruh Civil Rights Act, California Civil Code § 51 et. seq.

13. Defendant Catalina Restaurant Group, Inc. is a Delaware corporation licensed to do business in California as Carrows Restaurant, Inc. with its principal place of business in Irvine, California. It is a for-profit business which owns, operates, maintains and/or controls public restaurants throughout California, including the facility located in the City of Hayward, California, which is the subject of this lawsuit.

14. Plaintiff is informed and believes, and therefore alleges, that the facility was newly built and/or underwent substantial remodeling, repairs or alterations which required Defendant to make its bathroom readily accessible to its customers.

15. At the time of Plaintiff's incident, Defendant knew that the facility was operating in violation of disability accessibility requirements and standards, but Defendant nevertheless refused to rectify the violations.

## V. FACTS UPON WHICH CLAIMS FOR RELIEF ARE BASED

16. Mrs. Hildebrand is disabled due to severe rheumatoid arthritis which limits her mobility. As a result of her disability, Plaintiff requires certain accommodations to allow her access to bathrooms in public buildings.

17. Defendant did not provide adequate bathroom facilities for female customers with disabilities at its Carrows Restaurant in Hayward, California by failing to provide a stall configured for the disabled and failing to provide grab bars.

18. Defendant's actions against persons with disabilities is illegal, degrading and humiliating.

19. The restructuring of the bathroom necessary to make it accessible to persons with disabilities was readily achievable, required by law, and would have greatly assisted persons with disabilities, such as Plaintiff, at little expense to Defendant.

## VI. FIRST CLAIM
(Violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101, et. seq.)

20. Plaintiff incorporates each and every allegation as set forth hereinabove, and repeats and repleads such allegations hereinafter with the same force and effect.

21. The subject Restaurant is a public accommodation covered by Title III of the ADA.

22. Defendant has failed to make its public accommodation readily accessible to persons with disabilities.

23. Defendant's acts and omissions alleged herein are in violation of the ADA and the regulations promulgated thereunder.

24. Defendant's conduct constitutes an ongoing and continuous violation of the ADA and, unless restrained from doing so, Defendant will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

Consequently, Plaintiff is entitled to injunctive relief and reasonable attorneys' fees and costs pursuant to the ADA (42 U.S. C. §12188).

WHEREFORE, Plaintiff requests relief as set forth below.

## VII.  SECOND CLAIM
### (Violation of Cal. Civil Code §51, et. seq.)

25. Plaintiff incorporates each and every allegation as set forth hereinabove, and repeats and repleads such allegations hereinafter with the same force and effect.

26. Defendant had a statutory duty not to pursue the course of conduct as alleged *supra*.

27. Defendant, by pursuing the course of conduct as alleged *supra*, breached its legal duties to Plaintiff as set forth in §51, et. seq. of the California Civil Code, commonly known at the Unruh Civil Rights Act.

28. Defendant knew or should have known that it was highly probable that, as the direct and proximate result of the aforesaid breach of said duties and statutory obligations and prohibitions, the aforedescribed conduct was likely to cause Plaintiff to suffer injuries and damages.

29. Defendant's conduct, as alleged herein, was a substantial factor in causing Plaintiff to sustain injury to her psyche, body and nervous system, all of which have caused and continue to cause Plaintiff the injuries and damages as alleged *supra* in excess of $100,000.

30. In committing these acts, Defendant acted intentionally, oppressively, maliciously and fraudulently, with a conscious disregard of the rights of Plaintiff, with the intention of benefitting itself financially and/or with the intention of causing, or recklessly disregarding the probability of causing, injury to its disabled patrons. In so acting, Defendant intended to and did vex, annoy, injure and harass Plaintiff. As a result of such conduct, Plaintiff is entitled to exemplary and punitive damages.

## VIII.  THIRD CLAIM
### (Intentional Infliction of Emotional Distress)

31. Plaintiff incorporates each and every allegation as set forth hereinabove, and repeats and repleads such allegations hereinafter with the same force and effect.

32. The conduct of Defendant, as alleged *supra,* and the post-incident implicit denial by Defendant of its duties and responsibilities to disabled patrons subjected Plaintiff to extremely offensive conduct.

33. The conduct of Defendant as alleged within this cause of action, was intentional, extreme, outrageous and an abuse of the authority and position of Defendant and was intended to cause Plaintiff severe emotional distress.

34. Defendant's conduct, as alleged herein, was a substantial factor in causing Plaintiff to sustain injury to her psyche and nervous system, all of which have caused Plaintiff mental pain and suffering to her damage in excess of $100,000.

35. In committing these acts, Defendant acted intentionally, oppressively, maliciously and fraudulently, with a conscious disregard of the rights of Plaintiff, with the intention of benefitting itself financially and/or with the intention of causing, or recklessly disregarding the probability of causing, injury to its disabled patrons. In so acting, Defendant intended to and did vex, annoy, injure and harass Plaintiff. As a result of such conduct, Plaintiff is entitled to exemplary and punitive damages.

## IX. RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Injunctive relief ordering Defendant to make the public accommodation readily accessible and usable to persons with disabilities;
2. For compensatory damages in excess of $200,000;
3. For actual damages according to proof;
4. A statutory penalty of three times the amount of special and general damages or at least $4,000 pursuant to California Civil Code §52.

COMPLAINT FOR DAMAGES

6

5. For punitive damages in an amount which will discourage Defendant from engaging in the same or similar conduct;

6. Punitive and exemplary damages as allowed by law;

7. Attorney's fees pursuant to 42 U.S.C. §12188 (a)(1), Civil Code §52 ; and,

8. For costs of suit herein incurred and for such other relief as the Court deems appropriate.

Dated: July 30, 2003

WALTER L. DAVIS, ESQ.
Attorney for Plaintiff

## X.  JURY DEMAND

Pursuant to Rule 38 of Federal Rules of Civil Procedure, Plaintiff hereby request a jury trial.

Dated: July 30, 2003

WALTER L. DAVIS, ESQ.
Attorney for Plaintiff